Clair Peña (Arizona Bar No. 032756)
BAKER & HOSTETLER LLP
Key Tower, Suite 2000
127 Public Square
Cleveland, OH 44114-1214
T: 216.621.0200
F: 216.696.0740
cpena@bakerlaw.com

*Attorneys for Plaintiff Steven Nerayoff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Steven Nerayoff, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| Smooch Labs Inc., | |
| Defendant. | |

Plaintiff Steven Nerayoff, ("Plaintiff"), by his undersigned attorneys, brings this Complaint against Defendant Smooch Labs Inc. ("Defendant"), alleging as follows:

## **PARTIES**

1. Plaintiff, Steven Nerayoff, is an individual residing at 171 Great Neck Road, Great Neck Plaza, NY 11021.

2. Upon information and belief, Defendant, Smooch Labs Inc., is a corporation organized under the laws of the State of Delaware, having a principal place of business at 524 Broadway, 7th Fl., New York, NY 10012, and doing business in this district.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff seeks a declaration, pursuant to 15 U.S.C §1114(2)(D)(v) and 28 U.S.C. § 2201, that his registration and use of the domain name "jswipe.com" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d). Defendant agreed to

submit to the jurisdiction of this Court when it initiated an administrative proceeding with Forum (formerly the National Arbitration Forum) concerning Plaintiff's right to register the domain name "jswipe.com."

4. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District.  Specifically, the Registrar of the domain name "jswipe.com" is GoDaddy.com LLC, with a principal place of business at 14455 N. Hayden Road, Scottsdale, AZ 85260. Defendant agreed that venue is proper in this Court when it filed its complaint with Forum concerning Plaintiff's right to register the domain name "jswipe.com."

**OPERATIVE FACTS**

5. Plaintiff is a technology entrepreneur who, among other activities, has successfully built multiple businesses with significant Internet presence.

6. The "jswipe.com" domain was created on September 2, 2013. Plaintiff subsequently purchased the domain from the original registrant.

7. After Plaintiff acquired the "jswipe.com" domain, Plaintiff began making plans for his web site.

8. On or about April 7, 2021, Defendant filed an administrative complaint (the "UDRP Complaint") with Forum (formerly known as the National Arbitration Forum) pursuant to ICANN's Uniform Domain Name Dispute Resolution Policy (the "ICANN Policy").  On information and belief, Defendant claimed in its Complaint that Plaintiff's ownership of "jswipe.com" violated Defendant's purported trademark rights in the term JSWIPE for its dating platform.

9. At the time the UDRP Complaint was filed, Plaintiff was severely ill with Covid-19, and he was ultimately hospitalized as a result of his illness. Plaintiff did not receive notice of the UDRP Complaint and was otherwise unaware of the proceeding. Defendant therefore did not respond to the Complaint and was found to be in default.

10.     By decision dated May 10, 2021, a Forum arbitrator issued a decision directing that the registration of "jswipe.com" be transferred to Defendant Smooch Labs Inc.

**COUNT I**

**DECLARATION UNDER ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

11.     The allegations of paragraphs 1 through 10 above are incorporated herein by reference as though fully set forth herein.

12.     Defendant does not own valid and enforceable trademark rights in the term "JSWIPE."

13.     In acquiring the domain name "jswipe.com," Plaintiff did not have a bad faith intent, as provided in 15 U.S.C. §1125(d)(1)(A)(i), to profit from Defendant's purported trademark rights in the term "JSWIPE."

14.     The domain name "jswipe.com" is not identical, confusingly similar to, or dilutive, as provided in 15 U.S.C. §1125(d)(1)(A)(ii), of any valid trademark rights of Defendant.

15.     Plaintiff believed and had reasonable grounds to believe that his registration, ownership, and use of the domain name "jswipe.com" was a fair use or otherwise lawful use, as provided in 15 U.S.C. §1125(d)(1)(B)(ii).

16.     Plaintiff has given notice to Defendant of Plaintiff's intent to file an action to establish that Plaintiff's ownership and use of the domain name "jswipe.com" is not unlawful under the Anticybersquatting Consumer Protection Act.

**COUNT II**

**DECLARATORY JUDGMENT**

17.     The allegations of paragraphs 1 through 16 are incorporated herein by reference as though fully set forth herein.

18.     A dispute exists between Plaintiff and Defendant concerning Plaintiff's right to register, own, and use the domain name "jswipe.com."  As a consequence of this dispute, an actual and justiciable controversy exists between Plaintiff and Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

a. Declaring that Plaintiff's registration and use of the domain name "jswipe.com" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d);

b. Declaring that Plaintiff and the Registrar of the "jswipe.com" domain are not required to transfer said domain name to Defendant;

c. Awarding plaintiff his costs and attorney's fees; and

d. Providing all such other and further relief as the Court deems just and proper.

DATED: May 24, 2021                    BAKER & HOSTETLER LLP


                                       By:  *Clair Peña*
                                            Clair Peña
                                            *Attorneys for Plaintiff, Steven Nerayoff*